IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

| | | |
|---|---|---|
| THE MONONGALIA COUNTY COAL COMPANY, <br> 46226 National Road <br> St. Clairsville, OH 43950 | : <br> : <br> : <br> : <br> : | ELECTRONICALLY FILED <br> Aug 31 2018 <br> U.S. DISTRICT COURT <br> Northern District of WV |
| Plaintiff, | : <br> : | Civil Action No. 1:18-cv-171  (Keeley) |
| v. | : <br> : | |
| UNITED MINE WORKERS OF AMERICA, INTERNATIONAL UNION <br> 18354 Quantico Gateway Drive <br> Triangle, Virginia 22172 | : <br> : <br> : <br> : <br> : | |
| and | : <br> : | |
| UNITED MINE WORKERS OF AMERICA, Local Union 1702, <br> c/o UMWA, District 31 <br> 310 Gaston Avenue <br> Fairmont, WV 26554 | : <br> : <br> : <br> : <br> : <br> : <br> : | |
| Defendants. | : | |

**COMPLAINT TO VACATE ARBITRATION AWARD**

Pursuant to Rule 7 of the Federal Rules of Civil Procedure and Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, Plaintiff, The Monongalia County Coal Company ("Monongalia County Coal" or "Company"), operator of the Monongalia County Mine, by and through its undersigned counsel, hereby moves this Court to vacate Arbitrator Matthew M. Franckiewicz's Decision and Award ("Award") in the matter of The Monongalia County Coal Company, Monongalia County Mine v. United Mine Workers of America, District 31, Local

Union 1702, Case No. 16-31-18-064.  As grounds for this Complaint, Monongalia County Coal states as follows:

## Parties

1. Plaintiff Monongalia County Coal is a West Virginia corporation with a place of business located at 99 Shamrock Road, Wana, West Virginia, 26590.  Monongalia County Coal maintains its corporate headquarters at 46226 National Road, Saint Clairsville, OH, 43950

2. Defendant International Union, United Mine Workers of America ("International Union") is a labor union within the meaning of 29 U.S.C. § 152(5) that represents the Company's classified employees pursuant to the 2016 National Bituminous Coal Wage Agreement ("2016 NBCWA").  The International Union maintains its "District 31 Offices" within the Northern District of West Virginia at 310 Gaston Avenue, Fairmont, WV 26554.

3. Defendant United Mine Workers of America Local Union 1702 ("Local 1702") is a labor union within the meaning of 29 U.S.C. § 152(5) which shares representation of the Company's employees with the International Union.  Local 1702 shares the office located at the District 31 address described in Paragraph 2.  The International Union and Local 1702 are referred to, collectively, as "UMWA" or "Union."

## Jurisdiction and Venue

4. Jurisdiction of this Court is based on Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(c), and 28 U.S.C. § 1331.

5. Venue in this matter is appropriate in this matter pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 185(c).

**Facts**

6. The Monongalia County Mine is a large underground coal mine, approximately thirty percent (30%) of which is located in Greene County, Pennsylvania and approximately seventy percent (70%) of which is located in Monongalia County, West Virginia that covers approximately 5.9 square miles and employs approximately 275 miners represented by the Union. Until December 5, 2013, the mine was owned by a subsidiary of CONSOL Energy Inc., during which time it was called the Blacksville No. 2 Mine. On December 5, 2013, Monongalia County Coal became the operator of the Mine, which was renamed the Monongalia County Mine.

7. The terms and conditions of employment for the Union-represented employees who work at the Monongalia County Mine are set forth in the 2016 NBCWA.

8. On or about February 9, 2018, the Union, on behalf of three of its members ("Grievants"), filed a grievance, Grievance No. 1702-30-18, alleging that Monongalia County Coal violated the terms of the 2016 NBCWA by having contractors perform allegedly classified work, including, but not limited to, the removal and rebuild of the # 75 clean coal shaker screen at the Monongalia County Mine ("75 Screen") on February 12, 15, 16 and 17, 2018 (the "Grievance").

9. A hearing was held before Arbitrator Matthew M. Franckiewicz ("Arbitrator Franckiewicz" or the "Arbitrator") on May 17, 2018.

10. Arbitrator Franckiewicz issued his Decision and Award (the "Award") on June 1, 2018, in which he sustained the Grievance. A copy of the Award is attached as Exhibit A.

11. The Award fails to draw its essence from the terms of the 2016 NBCWA, ignores the "law of the shop" and binding arbitral precedent in the industry, exceeds the scope of the

Arbitrator's authority, is arbitrary and capricious, and was meted out based upon the Arbitrator's own notions of right and wrong rather than any basis in the record.

12. In his Award, Arbitrator Franckiewicz concluded that the work the subcontractors performed on the 75 Screen was "repair and maintenance work normally performed" by the Union, as defined in Article 1A, Section (g)(2) of the 2016 NBCWA. Award, attached hereto as Exhibit A, at 5; *see also* Exhibit B, Relevant Sections of the 2016 NBCWA. However, the evidence of record does not support the Arbitrator's finding. As the Company clearly demonstrated during the hearing, the work performed by subcontractors on February 12, 15, 16 and 17, 2018 was not work "normally performed" by the Union, as it entailed a complete removal and rebuild of the 75 Screen, work that had not been performed for nearly eighteen years.

13. The monetary remedy fashioned by the Arbitrator was also plainly improper. Under binding arbitral precedent in the coal industry, monetary damages may only be awarded to "compensate the aggrieved party for losses suffered as a result of the breach of the Agreement." Exhibit C, Supplemental to ARB Case No. 78-16 (December 31, 1979) (Selby, Arb.). Accordingly, binding precedent provides that, where there has been improper subcontracting, damages may be paid only to workers who are shown to have been directly and adversely affected by the subcontracting. *Id.*

14. Furthermore, the 2016 NBCWA does not contain any contractual authority to award monetary damages to remedy allegedly improper subcontracting where there is no showing that an employee suffered an injury.

15. In his Award, the Arbitrator conceded that, on the days when the Company allegedly used subcontractors, all three Grievants either worked full days or intentionally chose

not to work. Specifically, the Arbitrator acknowledged that "[f]or the most part, although there were some variations, the Grievants worked 8 hours on February 12, February 15, and February 16 but did not work of [sic] Saturday February 17. Notices were posted that overtime was available, and the Grievants could have worked on February 17 if they had volunteered to do so." Award, attached hereto as Exhibit A, at 5.

16. The Arbitrator further acknowledged that there was no evidence in the record regarding "which individuals likely would have worked on particularly days, or whether particular Grievants were or were not available on particular days." Award, attached hereto as Exhibit A, at 10.

17. Nevertheless, despite acknowledging that the Grievants either worked full days or intentionally chose not to work, and the absence of any evidence that the Grievants would have worked on the days in question under any circumstances, the Arbitrator ordered the Company to "make whole the Grievants." Award, attached hereto as Exhibit A, at 10.

18. However, because the Grievants did not suffer any injury as a result of the subcontracting, the Arbitrator's imposition of a monetary penalty is not compensatory but rather a punitive sanction not permitted by 2016 NBCWA and binding arbitral precedent.

19. For the reasons stated above, Plaintiff Monongalia County Coal moves to vacate the Award because:

    (a) The award exceeds the scope of the Arbitrator's authority and power;

    (b) The award fails to draw its essence from the collective bargaining agreement;

    (c) The award is based on the arbitrator's own personal notions of right and wrong;

    (d) The award is arbitrary and capricious.

**WHEREFORE,** Plaintiff, The Monongalia County Coal Company, respectfully requests that this Court:

1. Vacate the Arbitrator's Award, with prejudice; and

2. Grant such further and additional relief as this Court deems just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: /s/ *Michael D. Glass*
Michael D. Glass, Esquire
WV I.D. #1392
One PPG Place, Suite 1900
Pittsburgh, PA 15222
Phone: 412.394.3333
Fax: 412.232.1799

Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I do hereby certify that a true and correct copy of the within **COMPLAINT TO VACATE ARBITRATION AWARD** has been served on counsel for the Defendant listed below by placing same in the U.S. mail, first class, postage prepaid, this 31st day of August, 2018:

Charles F. Donnelly, Esquire
United Mine Workers of America
1300 Kanawha Boulevard, E.
Charleston, WV  25301

/s/ *Michael D. Glass*
Michael D. Glass, Esquire

35022069.1